IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA KLEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 14-6999 |

**ORDER**

**AND NOW**, this 7th day of April, 2016, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 11), Defendant's Response thereto, Plaintiff's Reply, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (Docket No. 16), Plaintiff's Objections thereto (Docket No. 17), and Defendant's Response to the Objections, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

4. The Decision of the Commissioner is **AFFIRMED**.

The ALJ denied Plaintiff Anna Klein's request for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, finding, inter alia, that Plaintiff suffers from three severe mental impairments, i.e., mood disorder/depression, posttraumatic stress disorder and borderline personality disorder, but that no impairment or combination of impairments met or medically equaled any listed impairment. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, and had only certain specified nonexertional limitations. In her Request for Review, Plaintiff argues that the ALJ did not adequately explain his finding in step three of the sequential analysis that Plaintiff's limitation

did not meet or equal any listed impairment and also rejected medical opinion evidence and the opinion evidence of two lay witnesses without good reason or adequate explanation. Magistrate Judge Hart recommends in his Report and Recommendation ("R&R") that the ALJ adequately explained his step three conclusions, which were supported by substantial evidence, and relied on substantial evidence to reject the expert and lay opinion evidence at issue. In her Objections to the R&R, Plaintiff repeats the arguments that she made in her Request for Review and asserts that the Magistrate Judge erred in rejecting those arguments.

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), and citing Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008)). To "permit meaningful review," the ALJ is required to ensure that "there is sufficient development of the record and explanation of findings." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (citing Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 120 (3d Cir. 2000)). The ALJ's legal conclusions are subject to plenary review. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)). We review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Plaintiff first takes issue with the Magistrate Judge's recommendation that the ALJ

adequately explained his conclusion in step three that her impairments did not to meet or equal any listed impairments because she did not meet the paragraph B criteria. Plaintiff first argues that the Magistrate Judge erroneously excused the ALJ's failure to rely on any medical evidence to support his conclusions that Plaintiff suffered only from mild and moderate impairments. However, as the Magistrate Judge correctly noted, the paragraph B criteria measure functional limitations for which relevant evidence can be drawn not only from medical records, but also from testimony and Plaintiff's application forms. (R&R at 4); see also 20 C.F.R., Part 404, Subpart P, Appendix 1, 12.00A (explaining that the criteria in paragraphs B describe impairment-related functional limitations). Thus, on de novo review, we agree with the Magistrate Judge that the ALJ did not err in relying on non-medical evidence in assessing the extent of Plaintiff's paragraph B limitations.

      Plaintiff also argues in her first Objection that the Magistrate Judge erroneously stated that Plaintiff had not identified any medical evidence that the ALJ should have considered in the step three analysis and which contradicted the ALJ's conclusions that Plaintiff suffered from only mild and moderate impairments. (R&R at 4 (stating that Plaintiff "has not identified any relevant medical evidence which the ALJ excluded").) In fact, Plaintiff specifically argued in her Request for Review that the ALJ should have considered "the treating source medical opinion evidence," which, in her view, supported a conclusion of marked impairments. (Pl.'s Request for Review at 7.) However, the ALJ rejected that treating source medical opinion evidence in connection with his RFC analysis and the Magistrate Judge recommends that the ALJ's reasons for not crediting that evidence were supported by substantial evidence. Accordingly, although the Magistrate Judge apparently misstated that Plaintiff did not identify any medical evidence that she contended the ALJ should have considered in connection with the step thee analysis, he elsewhere considered

that same evidence and recommended that the ALJ did not commit reversible error in refusing to credit it. We therefore conclude that the Magistrate Judge's failure to address the treating source medical opinion evidence in connection with Plaintiff's argument regarding the ALJ's analysis of her step three limitations was harmless.

Finally, Plaintiff argues in her first Objection that the Magistrate Judge failed to address her argument that the ALJ inadequately explained his finding that the record supported the conclusion that Plaintiff's paragraph B limitations were only mild or moderate when, in her view, the level of functioning that the ALJ detailed did not foreclose a conclusion that Plaintiff had marked limitations. See Jones, 364 F.3d at 505 (requiring "sufficient development of the record and explanation of findings to permit meaningful review"). However, the ALJ, consistent with his obligation to explain his findings, identified the record evidence on which he relied in concluding that Plaintiff's limitations were mild or moderate, i.e., Plaintiff's own functional report. (R26.) In doing so, the ALJ ensured that the Magistrate Judge could conduct a meaningful substantial evidence review, which is the purpose of the adequate review requirements. See Jones, 364 F.3d at 505. Indeed, the Magistrate Judge carefully reviewed the ALJ's decision in this regard, concluding that it was supported by substantial evidence, and Plaintiff specifically states that she is not challenging the substantial evidence recommendation. (Pl.'s Objs. at 4 ("The relevant question here is not whether the ALJ's findings are supported by substantial evidence. The relevant question here is whether the ALJ adequately explained his finding . . .").) We therefore overrule Plaintiff's Objection that that the Magistrate Judge erred in in failing to recommend that the ALJ inadequately explained his findings regarding the paragraph B criteria.

In her second Objection, Plaintiff takes issue with the Magistrate Judge's failure to

recommend that the ALJ did not adequately explain or justify his rejection of medical opinion evidence from Dr. Althea Donovan, Plaintiff's treating psychiatrist, and Dr. Eric Dicicco, Plaintiff's primary care physician.  While the opinions of a "'treating physician are entitled to substantial and at times even controlling weight,'" Johnson, 529 F.3d at 202 (quoting Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001)), the determination as to whether a plaintiff is disabled is specifically reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(1).  Moreover, a treating source's opinion is controlling "only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'"  Johnson, 529 F.3d at 202 (alteration in original) (quoting Fargnoli, 247 F.3d at 43).

      Here, the ALJ gave no weight to the medical source statement of Dr. Dicicco and only partial weight to the medical source statements of Dr. Donovan, explaining that the statements were inconsistent with the doctors' treatment notes, which indicated that Plaintiff was stable and functioning well.  (R30-31.)  The ALJ also noted that Dr. Donovan's February 21, 2013 medical source statement was of questionable credibility because it contained numerous alterations, with checked-boxes scribbled out and different boxes checked to reflect greater limitations.  (R31.) Plaintiff argues that the ALJ did not adequately explain these conclusions and that the Magistrate Judge improperly attempted to rewrite the ALJ's decision by referencing parts of the record with which the medical statements were inconsistent that the ALJ did not himself reference.  (Pl.'s Objections at 8 (citing SEC v. Chenery Corp., 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses the action was based.").)  However, we find the ALJ's explanations to be sufficient to permit meaningful review, which is the purpose of the adequate explanation requirement.  See Jones, 364 F.3d at 505.  We

further conclude that the Magistrate Judge did not improperly substitute his own analysis for that of the ALJ but, rather, merely considered the record as a whole in assessing whether there was substantial evidence to support the ALJ's stated conclusions, as is his obligation. Schaudeck, 181 F.3d at 431 ("To determine whether a finding is supported by substantial evidence, we must review the record as a whole.")  We therefore overrule Plaintiff's second Objection to the Magistrate Judge's R&R.

In her third Objection, Plaintiff argues that the ALJ erred in failing to adequately explain his rejection of two lay witness statements, and that the Magistrate Judge improperly found support for that rejection in evidence the ALJ did not consider. Plaintiff is correct that the ALJ failed to address a written report from Plaintiff's fiancé, which addressed Plaintiff's daily activities (see R245-52), and also rejected testimony from Plaintiff's husband, concluding that the record did not support the limitations that her husband recounted. However, courts "[i]n many cases . . . have found that an ALJ's failure to address lay opinion testimony, although technically in violation of applicable legal standards, did not require remand since the testimony would not have changed the outcome of the case." Butterfield v. Astrue, Civ. A. No. 06-603, 2011 WL 1740121, at *6 (E.D. Pa. May 5, 2011) (citing cases). Moreover, the law is clear that remand is not required where an ALJ's error would not affect the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Here, on de novo review, we fully agree with the Magistrate Judge that any error in failing to consider the fiancé's testimony was harmless because the fiancé's testimony was cumulative of Plaintiff's own testimony, which the ALJ fully considered. We further conclude that that the ALJ adequately explained his rejection of Plaintiff's husband's testimony as inconsistent with the other record evidence, which does not support the limitations that Plaintiff's husband alleged. (R28.)  Accordingly, we overrule Plaintiff's third Objection to the Magistrate

Judge's R&R.

Having overruled all of Plaintiff's Objections, we approve and adopt the Magistrate Judge's R&R and deny Plaintiff's Request for Review.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.